IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE TRANSOBTURATOR SLING PRODUCTS LIABILITY LITIGATION | § § § § § | MDL Case No. 2004<br><br>Individual Case No. 4:11-CV-5065-CDL<br>(Morey, Irene) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
MENTOR WORLDWIDE LLC'S MOTION *IN LIMINE* NO.8:
MOTION TO LIMIT PLAINTIFF'S EVIDENCE TO ONLY
THOSE INCIDENTS THAT ARE SUBSTANTIALLY SIMILAR**

Mentor has filed this motion *in Limine* to try and limit Plaintiff's evidence to only those incidents that are substantially similar.

Ms. Morey has demonstrated substantial similarity. Each of the proffered adverse event reports and complaint files involve women implanted with the *same* device implanted through the *same* patented surgical route for treatment of the *same* medical condition as Ms. Morey. Identical circumstances are not required, and it is difficult to discern how any greater similarity could be established in any products case.

While courts properly hold that the "substantially similar" standard should be relaxed when adverse event evidence is offered to show notice, e.g., *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir.1986), the relevant standard when adverse event evidence is admitted for purposes other than notice is "substantial similarity". Defendant states, "the proponent of such, [prior accident], evidence must show that 'conditions substantially similar to the occurrence caused the prior accidents.'" MIL 4 p. 7. However, "substantial similarity" turns on the nature of the product and the defect involved, and all of these reports and complaints involve the *same* product with the *same* claimed defect implanted with the *same* approach for treatment of the *same* medical condition and resulting in the *same* complications suffered by Ms.

1

Case 4:11-cv-05065-CDL   Document 98   Filed 04/26/13   Page 2 of 4

Morey. To the extent that Mentor contends that there are any differences between any of the patients in the adverse event data and Ms. Morey in terms of its oft-asserted "patient" and "physician" factors, any such factors would "go merely to the weight to be given the [adverse data] evidence." *Jackson*, supra at 1083.

As demonstrated above, Ms. Morey does not proffer adverse event evidence solely for proof of causation, but also for several other purposes for which courts regularly admit such evidence. The cases upon which Mentor relies to support its "inadmissible for causation" argument (*McClain v. Metabolife* and *Rider v. Sandoz Pharmaceuticals*, etc.) are drug cases where the reported complications routinely occur in the <u>absence</u> of ingestion of the drug in question (i.e., they are "background risks"). In those cases, courts hold that just because persons taking the drug experienced the complication at issue does not establish scientific proof of causation by itself. In these cases, the erosions and infections reported in the adverse event reports and complaints were directly related to the product itself, and would not have occurred but for the implantation of the ObTape. Any "patient" or "physician" factors that Mentor claims could have contributed to any particular patient's injury would not disprove causation. Further, the cases cited by Mentor instruct that courts can and do properly rely on adverse event evidence.[1]

Moreover, Mentor's well-worn defense of blaming the doctor and/or the patient, and never accepting responsibility for *any* injury suffered by any ObTape patient, actually provides a further basis for admission of adverse event reports and complaint files – both prior to and after the date of Ms. Morey's implantations. It is the very fact that erosions and infections occurred in a "wide variety of patients" for whom Mentor marketed the ObTape – women with different medical histories and different doctors – that refutes Mentor's defense that any woman's particular medical history or her surgeon's skill or technique was to blame for her injuries. To

---

[1] *See, e.g., McClain v. Metabolife Int'l., Inc.*, 401 F.3d 1233, 1253-54 (11th Cir.2005) (Although courts must consider that case reports are merely accounts of medical events, "the court may rely on anecdotal evidence such as case reports," and even though anecdotal reports alone cannot scientifically prove causation, "they may support other proof of causation….") (quoting *Rider v. Sandoz Pharmaceuticals Corp.,* 295 F.3d 1194, 1199 (11th Cir.2002)).

2

refute Mentor's efforts to present Ms. Morey's injuries as the result of some anomalous doctor error or unusual patient susceptibility, she should be allowed to demonstrate to the jury that many doctors from around the world had patients who experienced the same problems as she has.

When Mentor defends itself on the basis that "all tapes 'inherently' cause erosions and infections," Ms. Morey should be allowed to prove to the jury that in spite of its receipt of or knowledge of hundreds of complaints of ObTape-related erosions and/or infections, Mentor never conducted any scientific testing or investigation to determine or refute causation or to disprove defect with respect to any complaint. Instead, Defendant continued to subject women to this product. Ms. Morey should be allowed to expose before the jury the shortcomings of Mentor's causation defenses. *See, Dollar v. Long Mfg. N.C., Inc.,* 561 F.2d 613, 617 (5th Cir.1977) ("this Court has held that when causation is an issue, provided a proper foundation has been laid, evidence of subsequent accidents may be admissible to prove causation and to rebut the opposing party's causation theory."); *Weeks v. Remington Arms Co.,* 733 F.2d 1485, 1491 n. 10 (11th Cir.1984) (Similar subsequent incidents may be used to "disprove a defendant's alternative theory of causation.").

I. **CONCLUSION**

Despite Mentor's contentions, the adverse event reports and complaint files offered by Ms. Morey are relevant and admissible for multiple purposes.

This 26th day of April, 2013.

        Respectfully Submitted,

        /s/ Richard N. Laminack
        Richard N. Lamianck  (SBOT 11850350)
        Thomas W. Pirtle (SBOT 16038610)
        Buffy K. Martines (SBOT 24030311)
        Laminack, Pirtle & Martines, L.L.P.
        5020 Montrose, 9th Floor
        Houston, Texas 77006
        Telephone:     713-292-2750
        Facsimile:     713-292-2755

        /s/ James Bartimus
        James Bartimus MO Bar #22303
        Bartimus, Frickleton, Robertson, & Gorny, P.C.
        11150 Overbrook Rd., Ste. 200
        Leawood, KS 66211
        P: (913) 266-2300
        F: (913) 266-2366

## CERTIFICATE OF SERVICE

    I hereby certify that on April 26, 2013, a true and correct copy of the foregoing document was served, via the Court's electronic filing system, to all counsel of record.

        /s/ Richard N. Laminack
        Richard N. Laminack