IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **IRENE MOREY**<br><br>vs.<br><br>**MENTOR WORLDWIDE LLC** | **CASE NO. 4:11-CV-5065-CDL** |

**PRETRIAL ORDER - JURY**

The following constitutes a pretrial order entered in the case after conference with counsel for the parties. This case is scheduled for trial to begin at 9:00 A.M. on Monday, June 3, 2013 at the United States Courthouse in Columbus, Georgia:

(1) (a) The names, addresses and telephone numbers of all attorneys who personally appeared at pretrial and who will conduct the trial are as follows:

Plaintiff: Richard N. Laminack, Thomas W. Pirtle, Buffy K. Martines, Laminack, Pirtle & Martines LLP, 5020 Montrose Boulevard, 9th Floor, Houston, Texas 77006 (PH: 713-292-2750); Derek Potts, The Potts Law Firm, 908 Broadway, 3rd Floor, Kansas City, Missouri 64105 (PH: 816-931-2230); Riley Burnett, The Burnett Law Firm, 55 Waugh Street, Suite 805, Houston, Texas 77007 (PH: 832-413-4410)

Defendant: John Q. Lewis, Dustin B. Rawlin, Sarah L. Bunce, Tucker Ellis LLP, 925 Euclid Avenue, Suite 1150, Cleveland, OH 44115 (PH: 216-592-5000); Mollie F. Benedict, Tucker Ellis LLP, 515 South Flower Street, Los Angeles, CA 90071 (PH: 213-430-3400).

(b) The names, addresses, and telephone numbers of all nonparty persons including attorneys who have a fixed or contingent financial interest in this case are as follows:

> Plaintiff: Laminack, Pirtle & Martines, LLP – Richard N. Laminack, Thomas W. Pirtle, Buffy K. Martines; The Potts Law Firm – Derek Potts; The Burnett Law Firm – Riley Burnett; Metz Law Group, LLC - Matthew Metz
>
> Defendant: Mentor objects to either the Court or Plaintiff's counsel mentioning to jurors or prospective jurors that Johnson & Johnson or Ethicon, Inc. own the membership interests of Mentor or otherwise have a "financial or contingent interest" in the litigation.

(2) (a) Companion cases pending in this and other federal or state courts are: This Court is aware of all companion MDL lawsuits pending. There are also certain civil actions filed in various state courts and filed in other federal MDLs.

(b) Possible derivative claims not now the subject of pending litigation: None.

(3) The estimate time required for trial is: Plaintiff anticipates that its case-in-chief will take approximately fourteen (14) days. Defendant anticipates that its case-in-chief will take approximately six (6) to eight (8) court days.

(4) The parties agree that the Court has jurisdiction of the parties and the subject matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

(5) The jury will be qualified as to relationship with the following:

By the Plaintiff:

(a) Irene Morey

(b) Richard N. Laminack, Thomas W. Pirtle, Buffy K. Martines, Jim Bartimus, Derek Potts, Hans van Zaten, Henry Garrard, Mark DiCello

(c) All other witnesses, including expert witnesses identified by Defendant;

(d) Members or managers of Mentor Worldwide, LLC;

(e) Employees, officers, directors or stockholders of Ethicon, Inc.;

(f) Employees, officers, directors or stockholders of Johnson & Johnson;

By the Defendant:

(a) Drs. Kathleen Kobashi, Fred Govier, Russell Goldberg, and Gretchen Lentz;

(b) All other witnesses, including expert witnesses identified by Plaintiff;

(c) Other counsel of record for Plaintiffs in the MDL proceeding;

(d) To the extent that the Court permits mention of Johnson & Johnson and/or Ethicon, Inc. each and every health care insurance provider that covered medical expenses for Plaintiff Morey – Regence BlueShield.

(6) All discovery has been completed, unless otherwise noted, and the Court will not consider any further motions to compel discovery except for good cause shown. The parties, however, shall be permitted by agreement to take depositions of any person(s) for the preservation of evidence or for use at trial. Plaintiff anticipates taking the preservation deposition of her treating physician, Dr. Fred Govier. Dr. Govier is a practicing physician in Seattle, Washington, and his schedule may preclude him from testifying live at trial. Additionally, the parties are engaged in ongoing discussions concerning discovery over the issue of Defendant's net worth. Plaintiff may be required to take the deposition of a corporate witness if that issue is not resolved.

3

(7)     "Mentor Corporation" is erroneously named in the complaint. Mentor Corporation, a Minnesota corporation with its principal place of business in California, merged with and into Mentor Worldwide LLC, a limited liability company organized and existing under the law of the State of Delaware, effective December 4, 2009.  Mentor Corporation, therefore, no longer exists.  The proper party is Mentor Worldwide LLC.

(8)     The following is the plaintiff's brief and succinct outline of the case and contentions:

The Plaintiff contends that Mentor Corporation brought a product to the American market to be permanently implanted in American women starting August 15, 2003. When Mentor brought the product to America, it assumed the responsibility for the product as if it were the manufacturer. The product was a plastic-like tape or band that was to be implanted surgically in the pelvic area of women with the tape or band being surgically placed through vaginal tissue. It is the contention of the Plaintiff that the construct of the tape sold by Mentor Corporation, called an ObTape, was defective and negligently designed and manufactured.

It is further the contention of the Plaintiff that Mentor was negligent in not warning doctors or women in whom the tape would be implanted as to the serious nature of the consequences of having the ObTape inside their bodies. It is further the contention of Plaintiff that the doctor who implanted the ObTape in her did not know the tape could cause the very serious injuries she ultimately sustained; otherwise they would not have used it. Plaintiff contends that as a result of the negligence of Mentor and the defectiveness of the product, they have been injured by the ObTape sling as reflected in their medical histories and records. These injuries would not have occurred had the ObTape sling been appropriately designed and manufactured. Plaintiff also contends that her damages, pain and suffering could have been

4

lessened if Mentor had properly informed doctors about the tape. Plaintiff seeks an award for their various personal injuries, loss of consortium as well as an award for punitive damages to punish and/or deter Mentor Corporation above and beyond the damages necessary to compensate Plaintiff for her injuries.

(9) The following is the defendant's brief and succinct outline of the case and contentions:

After consultation with her physician, Ms. Morey chose to undergo elective surgery to implant a medical device to treat stress urinary incontinence, a debilitating condition that affects millions of people in the United States. The medical device chosen by plaintiff's physician was a sling or tape which is surgically placed into the pelvic region under the urethra. The sling Ms. Morey received is called ObTape, and it is only available through a physician's prescription. ObTape is accompanied by written warnings indicating that complications such as erosion and infection can occur with this product, just as with other similar products that are implanted for the same condition. After plaintiff's ObTape surgery, she experienced one of the warned-about complications – erosion of tissue in the vaginal area which required treatment.

Plaintiff has brought this action to recover for her personal injuries. Mentor contends that there is no defect in ObTape and that plaintiff experienced complications which are inherent and well-known risks of any sling implanted to treat stress urinary incontinence. Mentor asserts that experienced and that plaintiff's physicians were well aware of those potential complications. Mentor states that the overall reported complication rate of ObTape is very low, and that ObTape has successfully treated thousands of women afflicted with stress urinary incontinence and performs safely and consistent with other similar products for the same indicated use.

Mentor denies that it is liable to plaintiff in any way.

(10) The issues for determination by the jury are as follows:

<u>As to Plaintiff</u>:

 (a) Whether Mentor Corporation was negligent in the design of its ObTape suburethral sling;

 (b) Whether Mentor Corporation was negligent in its warnings and/or failure to warn as to its ObTape suburethral sling;

 (c) Whether Mentor Corporation was negligent in allowing a manufacturing defect to exist in Plaintiff's ObTape suburethral sling;

 (d) Whether Mentor Corporation is strictly liable for the harm suffered by Plaintiff;

 (e) Whether Mentor Corporation's negligence was a proximate cause of the harm suffered by the Plaintiff;

 (f) Whether Plaintiff is entitled to compensatory damages and, if so, the amount;

 (g) Whether Plaintiff is entitled to punitive damages and, if so, the amount.

<u>As to Defendant</u>:

 (a) Whether Plaintiff accepted the potential risk of complications associated with her physician's elected treatment for stress urinary incontinence, or whether Plaintiff otherwise contributed to her injuries;

 (b) Whether Plaintiff's implanting physician is responsible for Plaintiff's injuries.

(11) If a tort action, specifications of negligence, including applicable code sections, are as follows:

<u>By Plaintiff</u>: Negligent design, failure to warn negligent manufacture, strict liability as set forth in the Minnesota common law.

<u>By Defendant</u>: Non-party at fault. (Minn. Stat. § 604.02)

(10)   If a contract action, the terms of the contract are as follows (or, the contract is attached as an exhibit to this order): Not applicable.

(11)   The types of damages and the applicable measure of those damages are as follows:  Past, present and future physical and mental pain and suffering; medical expenses; out-of-pocket expenses; punitive damages.

Mentor asserts that punitive damages are barred and/or not recoverable in this action as a matter of law.

(12)   <u>All material undisputed facts</u> established by the pleadings, depositions, or admissions of the parties are attached hereto as **Exhibit A**, are signed by counsel, and will be submitted to the jury at the beginning of trial [<u>ALL</u> PARTIES MUST STIPULATE TO THESE FACTS - otherwise there are NO <u>undisputed facts</u>].

(13)   Pursuant to the Court's usual practice, pleadings will not be submitted to the jury.

(14)   Special authorities relied upon by plaintiff relating to peculiar legal questions are as follows:

   (a)   Negligent design, failure to warn negligent manufacture, strict liability as set forth in the Minnesota common law.

(15)   Special authorities relied upon by defendant relating to peculiar legal questions are as follows:

   (a)   Medical device product liability claims. *Mozes v. Medtronic, Inc.*, 14 F. Supp. 2d 1124, 1127-28 (D. Minn. 1998)

7

(b)     Non-party at fault (Minn. Stat. . § 604.02)

(16)    The following are lists of witnesses the:

(a)     Plaintiff <u>will</u> have present at trial:  Irene Morey

(b)     Plaintiff may have present at trial:

Dave Amerson

Kathleen Beauchamp

Eric Carrier

Christopher John Conway

Delia Cook

Jacques Corcos, M.D.

Emily Daley

Ahmed El-Ghannam, M.D.

Gail Irene Greenwood

William Hyman, Sc.D., P.E.

Michael Kelsay, Ph.D.

Kathleen Kobashi, M.D.

Barbara Lauderdale

Arnold Lentnek, M. D.

Joshua Harris Levine

David McGuire

Keith Modert

Gilbert Truman Morey, Jr.

David Morton, M.D.

    Catherine Ortuno, M.D.

    Tim Palmer

    Clarke Scherff

    Chris Sellwood

    Andrew Siegal, M.D.

    Mark Slack, M.D.

    Ray Tantillo

    Fred Govier, M.D.

    Michael S. Maher

    Adel Michael

    Emilie Neukom

    Peter Shepard

    Craig Thorpe

    Kevin Walsh

    Any witness listed as "will call" or "may call" by Defendant

(c) Defendant <u>will</u> have present at trial:

    Delia Cook

(d) Defendant may have present at trial:

    Dave Amerson

    Kathleen Beauchamp

    Emily Daley

    Joshua Levine

    Dr. Kathleen Kobashi, M.D.

9

        Terri Oto

        Lisa Reich

        Clarke Scherff

        Jeanne Wyatt

        Dr. James Anderson, M.D., Ph.D.

        Dr. Andrew Cassidenti, M.D.

        Dr. Saad Juma, M.D.

        Dr. Carl Klutke, M.D.

        Dr. John Klutke, M.D.

        Dr. Tamar Lasky, Ph.D.

        Dr. Chris Steidle, M.D.

        Dr. Marta Villarraga, Ph.D.

        Dr. David West, Ph.D., M.P.H.

        Dr. David Williams, Ph.D., D.Sc.

Opposing counsel may rely on representations by the designated party that it will have a witness present unless notice to the contrary is given in sufficient time prior to trial to allow the other party to subpoena the witness or obtain this testimony by other means. Counsel should be prepared to state at the pretrial conference objections to any witness listed.

    (17)    Attached hereto as **Exhibit B** is a list of all depositions that each party intends to present at trial in lieu of live testimony.  **If** parties do not intend to read the entire deposition into the record, page and line designations and counter designations should be included.

    (18)    Attached hereto as **Exhibit C** is a list of all exhibits that each party intends to tender into evidence at trial. [Please designate with an asterisk (*) those exhibits to which an

10

authenticity objection exists. All exhibits should be **numerically** marked prior to trial and should contained the following information: Case number and trial exhibit designation: P-1 would denote Plaintiff's Exhibit #1; D-1 would denote Defendant's Exhibit #1; J-1 would denote Joint Exhibit #1. Please DO NOT use letters to identify your exhibits. The courtroom deputy clerk will answer any questions regarding enumeration of exhibits or access to courtroom technology.] PLEASE NOTE: THE COURT WILL NOT TAKE CUSTODY OF ANY "BLOW-UP" EXHIBITS AND EXPECTS THE ATTORNEYS TO PROVIDE THE COURT WITH 8 ½ X 11 SIZE COPIES OF ANY OF THOSE TYPES OF EXHIBITS THAT MIGHT BE ADMITTED.

(19)     Attached hereto as **Exhibit D** is the form of all possible verdicts to be considered by the jury. Each party objects to the other parties' proposed verdict form.

(20)     The possibilities of settling the case are:

Plaintiffs − Plaintiffs are more than willing to sit down and discuss settlement of this matter. Defendant has indicated this is unlikely.

Defendant − Unlikely.

(21)     A jury of twelve will be selected and all jurors shall participate in the verdict unless excused from service by the Court.

(22)     The parties are notified that if this action is settled after jurors have been summonsed and it is too late to notify jurors that it is no longer necessary for them to report for jury service, the cost of compensating those jurors who report for jury service unnecessarily shall be taxed as costs upon the parties, as the Court determines appropriate.

(23)     Other matters:

(a)     Plaintiff asserts a claim for punitive damages pursuant to the provisions of Minn. Stat. § 549.20. Defendant does not believe this statute applies in this case.

(b) Joint Proposed Juror Questionnaire is attached as **Exhibit E**.

Submitted by:

| | |
|---|---|
| THE POTTS LAW FIRM, LLP<br>*Attorneys for Plaintiff* | TUCKER ELLIS LLP<br>*Attorneys for Defendant* |
| /s/ *Derek H. Potts*<br>Derek H. Potts<br>MO Bar #44882<br>908 Broadway, 3rd Floor<br>Kansas City, MO  64105<br>Telephone: (816) 931-2230<br>Facsimile: (816) 931-7030<br>dpotts@potts-law.com | s/John Q. Lewis<br>John Q. Lewis<br>Ohio Bar No. 0067235<br>Dustin B. Rawlin<br>Ohio Bar No. 0072870<br>Sarah Bunce<br>Ohio Bar No. 0080816<br>925 Euclid Avenue<br>Suite 1150<br>Cleveland, OH 44115-1414<br>Telephone:    216.592.5000<br>Facsimile:     216.592.5009<br>john.lewis@tuckerellis.com<br>dustin.rawlin@tuckerellis.com<br>sarah.bunce@tuckerellis.com<br><br>Mollie F. Benedict<br>California Bar No. 187084<br>515 South Flower Street<br>Los Angeles, CA 90071<br>Telephone:    213.430.3400<br>Facsimile:     213.430.3409<br>mollie.benedict@tuckerellis.com |

It is hereby ORDERED that the foregoing, including the attachments thereto, and the oral rulings made during the pretrial conference, constitute the pretrial order in the above case and supersedes the pleadings which may not be further amended except by order of the court to prevent manifest injustice.

This 30th day of April, 2013.

                                            _S/Clay D. Land
                                            Clay D. Land
                                            United States District Judge