```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

IRENE MOREY,                    *
      Plaintiff,                *
vs.                             *     CASE NO. 4:11-CV-5065 (CDL)
MENTOR WORLDWIDE LLC,           *
      Defendant.                *
```

O R D E R

Plaintiff Irene Morey brought negligent design and negligent failure to warn product liability claims against Defendant Mentor Worldwide LLC related to Mentor's ObTape product. The jury returned a verdict in favor of Mentor. Verdict Form ¶ 1, ECF No. 187. Morey seeks a new trial based on the closing argument of Mentor's counsel. For the reasons set forth below, Morey's Motion for New Trial (ECF No. 198) is denied.

A new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). When the misconduct of counsel is the basis for a new trial, that misconduct must be "such as to impair gravely the calm and dispassionate consideration of the case by the jury." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1474 (11th Cir. 1992)

(internal quotation marks omitted).  If counsel's argument contains "grossly improper and inflammatory references" that are "wholly unjustified by anything in the record," the Court in its discretion may grant a new trial.  *Id.*  To authorize a new trial based on an improper closing argument, the argument must have been "plainly unwarranted and clearly injurious."  *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1282 (11th Cir. 2008) (internal quotation marks omitted).  It is not enough that the argument may have approached a line drawn by the Court or even that it may have slightly crossed that line, unless it is clear that counsel crossed the line and that by doing so improperly influenced the jury.

Morey challenges a part of Mentor's counsel's argument that was in response to an argument made by Morey's counsel in his closing argument.  In closing argument, Morey's counsel highlighted a 2005 internal Mentor memorandum in which a Mentor employee recommended withdrawing ObTape from the market.  Def.'s Resp. in Opp'n to Pl.'s Mot. for New Trial Ex. C, Trial Tr. vol. 10, 25:7-20, June 14, 2013, ECF No. 202-3.  Morey's counsel also emphasized that in 2006 the French equivalent of the U.S. Food and Drug Administration "called [Mentor] on the mat and told [Mentor] straight up, 'You got 10 days.  Either you can pull [ObTape] off the market, or we're going to pull it off for you." *Id.* at 30:15-19.

2

In response, Mentor's counsel focused a portion of his closing argument on the evidence of what Mentor knew as of the date of Morey's ObTape implant, December 29, 2004. Counsel noted that Mentor received 510(k) clearance from the U.S. FDA on November 9, 2004. *Id.* at 87:19-88:2. The Court had admitted this evidence, finding it relevant to Morey's negligence claims. Mentor's counsel also noted that Mentor reported ObTape adverse events to the FDA. *Id.* at 88:3-5. Then he referenced Morey's argument regarding the "French FDA" and stated that if Morey "had something from the [U.S.] FDA, you'd have seen it. You'd have seen it in this case. Didn't show you one thing from the [U.S.] FDA, one thing. *Id.* at 88:6-10. Counsel then continued with his chronological presentation of the evidence that pre-dated Morey's ObTape implant.

Morey's counsel did not object to opposing counsel's statement regarding the U.S. FDA during the closing argument. After closing arguments concluded and outside the jury's presence, the Court expressed concern about the statement, and Morey's counsel agreed with that concern. *Id.* at 98:1-22. The Court's concern arose from the fact that the Court had prevented Morey from introducing evidence during the trial that, after Morey had surgery to remove her ObTape, Mentor withdrew ObTape from the market. A dispute existed as to why Mentor withdrew ObTape, but Morey had argued that Mentor knew that the FDA would

3

have ordered Mentor to withdraw ObTape had it not been done voluntarily.  After the closing argument, the Court expressed concern that Mentor's counsel had fought successfully during the trial to exclude evidence of the withdrawal of ObTape from the U.S. market, thus preventing Morey from arguing that the withdrawal showed that the product was defective, while suggesting in closing argument that the lack of any evidence of adverse action by the FDA regarding ObTape showed that ObTape was not defective.  Morey now contends that she was prejudiced by Mentor's argument regarding the lack of evidence from the U.S. FDA because Mentor failed to disclose (and Morey was not permitted to disclose) that Mentor withdrew ObTape from the market in 2006, before any FDA action could occur.  The Court considered giving a curative instruction regarding Mentor's reference to the U.S. FDA but ultimately concluded that a curative instruction could "create a bigger problem."  *Id*. at 103:15-17.

Upon further consideration, the Court has determined that Mentor's counsel's challenged comments in his closing argument likely had little improper effect on the jury and were arguably not clearly contrary to previous rulings by the Court. Counsel's comments could have been reasonably interpreted to relate to the lack of any FDA action before Morey was implanted with ObTape, a fact that was relevant for the jury's

4

consideration. As the Court ruled during the trial, the fact that the FDA took no adverse action regarding ObTape between the FDA clearance date and the date of Morey's implant could be relevant on the question whether Mentor was negligent with regard to ObTape as of the date of Morey's implant. And the Court admitted evidence as to the lack of FDA action during that time period. Furthermore, the Court instructed the jury that a manufacturer's duty to design products and "provide reasonable adequate warnings must be judged according to the knowledge and advances that existed at the time the product was designed." *Id.* at 123:25-124:3. Therefore, it was not improper for Mentor's counsel to argue that the absence of FDA action prior to Morey's implant could be considered by the jury in determining whether Mentor exercised ordinary care based on what Mentor knew at the time Morey was implanted with its product. Counsel's vague suggestion to the jury that they had not seen anything from the FDA could have been interpreted by the jury to refer to the period prior to Morey's implant, particularly given the Court's instructions that the jury must base its decision on the evidence it heard and not on statements by counsel. *Id.* at 117:24-118:3.

The Court finds that Mentor's counsel's closing argument did not contain improper or inflammatory references that were "wholly unjustified by anything in the record." *BankAtlantic*,

5

955 F.2d at 1474.  The Court further finds that Mentor's counsel did not clearly violate any order of the Court in his closing argument.  And the closing argument was not "plainly unwarranted and clearly injurious."  *Goldsmith*, 513 F.3d at 1282 (internal quotation marks omitted).  Accordingly, Morey is not entitled to a new trial based on Mentor's counsel's closing argument, and her Motion for New Trial (ECF No. 198) is denied.

IT IS SO ORDERED, this 28th day of October, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE